By the Court. Oakley, Ch. J.
We will first examine the question upon the admissibility of the evidence ruled out on the cross-examination of Harris.
The objection to this evidence was taken and presented to us, as if the action must fail,- if fraud were proved ; and in that aspect of the matter, the decision at the trial was right. But it manifestly appears that the inquiries made of the witness had another object, viz., to - show that Harris was the owner of this demand, notwithstanding-the.assignment; that the money, if recovered, would belong to him , and thus to show an inter *331 est of Harris in the demand, such as the jury would regard in estimating the weight of his evidence. He proved the defend-, ant’s promise to pay the order, and his credibility was very mar terial to the plaintiff’s case. In this view of it, vfe think the questions ought to have been allowed by the judge. The answers sought would not have impeached the plaintiff’s -title to the demand, although they might have forced him to prove it by another witness. On this ground, there must be a new trial.
There was another question argued, which must arise on a new trial, and it is right that we should express our views upon it at this time. It is said that the order upon which the suit is founded, is a hill of exchange, and that there is no written acceptance of the same.
On consideration, we have come to the conclusion that this is a bill of exchange. It is an order in writing, drawn by one party on another, requesting the latter to pay a certain sum of money to a third party, at all events; depending upon no contingency, and payable out of no particular fund. It comes within the reason of the statute requiring a written acceptance to charge the drawee. It is true this order is not negotiable, but that is not necessary to make it a bill of exchange.
Now trial granted.